OHIO CIVIL RIGHTS COMMISSION, APPELLANT, *v*. CAMPBELL, APPELLEE.

(No. 75AP-217—Decided November 18, 1975.)

*Mr. William J. Brown*, Attorney General, and *Mr. David G. Latanick*, for appellant.

*Mr. William J. Brown*, Attorney General, *Mr. Richard A. Szilagyi* and *Mr. Norman P. Solze*, for appellee.

WHITESIDE, J. Plaintiff appeals from a judgment of the Court of Common Pleas of Franklin County and raises three assignments of error, as follows:

"1. The Court below erroneously interpreted the privilege contained in Revised Code §4141.21 to bar enforcement of a lawful Commission Subpoena.

"2. The Court below erroneously balanced the general statutory privilege of the Board of Review of confidentiality at its proceedings to overcome the specific needs, as reflected in the evidentiary record, of the Commission for obtaining information during its lawful investigation.

"3. The Court below erroneously extended to the Chairman, Board of Review, the privilege granted by Revised Code §4141.21 over information furnished to the Adminis-

trator, Ohio Bureau of Employment Services."

Plaintiff issued a *subpoena duces tecum* to compel defendant, as chairman of the board of review, Ohio bureau of employment services, to produce the "transcript of the hearing before the board of review conducted on May 24, 1973, regarding the claim of Molly A. Easley." Upon advice of counsel, and pursuant to R. C. 4141.21 and 4141.22, defendant declined to comply with the *subpoena*. Plaintiff then brought this action seeking a declaratory judgment, enforcement of the *subpoena*, and an injunction against defendant. Although it is far from clear that one state agency may bring an action against another state agency for a declaratory judgment or an injunction, this action was properly brought for the enforcement of the *subpoena duces tecum*, pursuant to R. C. 4112.04(B)(6).

Plaintiff, the Ohio civil rights commission, is granted by R. C. 4112.04(B)(3) power to:

"Hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and require the production for examination of any books and papers relating to any matter under investigation or in question before the commission, and may make rules as to the issuance of subpoenas by individual commissioners."

In addition, R. C. 4112.04(B)(3)(a) provides that:

"* * * The commission or a commissioner may issue subpoenas to compel access to or the production of such materials, or the appearance of such persons, and may issue interrogatories to a respondent, to the same extent and subject to the same limitations as would apply if the subpoenas or interrogatories were issued or served in aid of a civil action in a common pleas court. * * *"

On the other hand, the bureau of employment services is precluded from releasing information furnished to it, except under special circumstances, by R. C. 4141.21, which provides in part:

"Subject to section 4141.43 of the Revised Code the information furnished to the administrator of the bureau of employment services by employers or employees pur-

suant to sections 4141.01 to 4141.46, inclusive, of the Revised Code, is for the exclusive use and information of the bureau of employment services in the discharge of its duties, and *shall not be open to the public or be used in any court in any action or proceeding pending therein, or be admissible in evidence in any action, other than one arising under such sections.* * * *" (Emphasis added.)

R. C. 4141.43 provides that certain information may be furnished to certain agencies of the federal government and other states, but it makes no provision for the furnishing of any such information to the Ohio civil rights commission. R. C. 4141.22 prohibits anyone in the employ of the bureau of employment services from divulging certain information acquired in the course of his employment and provides a penalty of disqualification for so doing.

From the foregoing statutes, it becomes quite clear that the information furnished to the bureau of employment services by employers or employees is not subject to subpoena by the Ohio civil rights commission. These specific prohibitions of R. C. 4141.21 control over the very general provisions of R. C. 4112.04(B). If there were any doubt of this result, it is dispelled by the fact that, when House Bill 610 was originally introduced in the 110th General Assembly, the proposed amendment to R. C. 4112.04(B) (3) would have specifically added the words "including records of the bureau of employment services," immediately following the words "books and papers," and preceding the words "relating to any matter." During the course of the legislative process, the reference to the bureau of employment services was deleted, and, when Amended Substitute House Bill 610 became effective December 19, 1973, it read as set forth above. The first assignment of error is not well taken.

With respect to the second assignment of error, plaintiff may well be correct that the trial court erred in balancing the general statutory privilege of the bureau of employment services against the needs of the plaintiff for the information. Plaintiff, being an agency created by statute, has only such powers and duties as are conferred upon it

by statute. The relationship of one public administrative agency with another public administrative agency, including the balancing of the information needs of one such agency against the privacy requirements of another, is primarily a matter of legislative rather than judicial concern. Since the General Assembly has clearly provided by R. C. 4141.21 that the information in the records of the bureau of employment services is not available to the civil rights commission, the General Assembly has balanced the needs of the two agencies and made its conclusions with respect thereto. This conclusion was fortified by the legislative history of H. B. 610, 110th General Assembly, referred to above.

Thus, there was no occasion for the trial court to independently balance the needs of the two agencies with respect to the information involved. However, there was no prejudicial error, since the legislature has determined and provided by statute that the information of the bureau of employment services is not available to plaintiff. Fundamentally, statutes like R. C. 4141.21 do not confer a privilege upon the administrative agency but, rather, preserve the right of privacy of the individuals, be they employers or employees, who are required to furnish information to the bureau of employment services for its official use. The legislature has provided that other state agencies, such as plaintiff, must obtain the information, if required for their purposes, from sources other than the files of the bureau of employment services. The second assignment of error is not well taken.

The third assignment of error raises a very vexing issue. The prohibition from disclosure of information set forth by R. C. 4141.21 applies to the bureau of employment services but does not specifically apply to the board of review. The unemployment compensation board of review is created by R. C. 4141.06 as an essentially independent appellate body, not part of the bureau of employment services. However, as part of the appellate process, R. C. 4141.28(J) provides that: "* * * the file of the administrator pertaining to the case shall be certified by the administrator and

shall automatically become a part of the record in the appeal hearing.'' Thus, the very information which is subject to the nondisclosure requirements of R. C. 4141.21 is part of the record before the board of review. There is nothing in the statutes which indicates that the nondisclosure requirements of R. C. 4141.21 cease operation only because an appeal is taken to the board of review. Accordingly, we hold that the information certified to the board of review as part of the appellate process retains its confidential character, even though considered by the board of review upon appeal, and is not subject to subpoena. In any event, such file presumably would be returned to the administrator upon a final disposition of the appellate process.

However, there is a second portion of the record in an appeal to the board of review. This consists of the testimony and evidence received directly by the board of review or a referee to whom the case has been referred in a hearing upon the appeal. The provisions of R. C. 4141.21 do not apply to that portion of the record of an appeal before the board of review. If the testimony adduced has been transcribed into writing, there would appear to be no prohibition in R. C. 4141.21 or any other statute against the furnishing of the transcript to the plaintiff. See, however, R. C. 4141.28(K).

However, the subpoena herein is not limited to any existing transcript received by the board of review upon appeal, but is a very broad *subpoena duces tecum*, attempting to obtain the complete transcript of the hearing before the board of review, including information which may not be divulged pursuant to R. C. 4141.21. Since the subpoena was overbroad, we find no prejudicial error on the part of the trial court in quashing the subpoena and refusing to enforce it. Accordingly, the third assignment of error is not well taken. For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.