THE STATE EX REL. CINCINNATI ENQUIRER, APPELLANT,
*v.* WINKLER ET AL., APPELLEES.

[Cite as *State ex rel. Cincinnati Enquirer v. Winkler,*
101 Ohio St.3d 382, 2004-Ohio-1581.]

(No. 2003–0157—Submitted October 8, 2003—Decided April 14, 2004.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} In September 2001, appellee Hamilton County Municipal Judge Ralph E. Winkler conducted a bench trial in which the defendant was acquitted of all charges. On September 27, 2001, the day after the trial's conclusion, the defendant filed a motion to seal the official record of his case pursuant to R.C. 2953.52. On November 5, 2001 (almost six weeks after the trial), Judge Winkler held a hearing on the motion and later granted it. On December 6, 2001, the Cincinnati Enquirer, appellant, delivered to Judge Winkler a written request to inspect all records produced in the criminal case. Judge Winkler refused the paper's request because the court records had already been sealed. Thereafter, appellant filed this mandamus action in the First District Court of Appeals against both Judge Ralph E. Winkler and Clerk of Courts James C. Cissell, appellees.

{¶ 2} Initially, the court of appeals ordered Judge Winkler to weigh the individual's privacy interests against the public's legitimate interest in accessing the records, as required by R.C. 2953.52. 149 Ohio App.3d 350, 2002-Ohio-4803, 777 N.E.2d 320. In response, Judge Winkler determined that the defendant's privacy interests outweighed the public's right of access. Thereafter, the court of appeals, in a two-to-one decision, accepted Judge Winkler's findings and declined

to issue the requested writ. The cause is now before this court upon an appeal as of right.

{¶ 3} Appellant presents three arguments in this appeal. First, appellant argues that it is entitled to the release of the court records, as they are public records as defined in the Public Records Act. Second, appellant asserts that R.C. 2953.52 is unconstitutional, since it is overbroad and, therefore, it cannot be used as an exception to the Public Records Act. Third, appellant contends that in applying the balancing test, the court should have found in favor of releasing the records. Appellees, however, assert that R.C. 2953.52 is constitutional and that records sealed pursuant to this statute lose their status as public records. Appellees also contend that the case was improperly brought in mandamus.

{¶ 4} Mandamus is the appropriate remedy to seek compliance with the Public Records Act under R.C. 149.43. *State ex rel. Beacon Journal Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 50. We have also held that mandamus may be used when a right of access to public records is predicated on a constitutional challenge. Id. Therefore, we find that appellant correctly sought mandamus relief. We turn now to the merits of the case and consider whether the records that appellant seeks are public records and whether R.C. 2953.52 is constitutional on its face and as applied.

{¶ 5} We begin with the purpose of Ohio's Public Records Act, R.C. 149.43, which is to expose government activity to public scrutiny. *State ex rel. WHIO–TV–7 v. Lowe* (1997), 77 Ohio St.3d 350, 355, 673 N.E.2d 1360. Moreover, we have consistently construed the Public Records Act to provide the broadest access to government records. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 83, 526 N.E.2d 786. Therefore, in keeping with policy, it is apparent that court records fall within the broad definition of a "public record" in R.C. 149.43(A)(1): "Public record" means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units * * *."

{¶ 6} However, there are exceptions to the general rule of openness. One exception, found in R.C. 149.43(A)(1)(v), is for "[r]ecords the release of which is prohibited by state or federal law." Sealed court records fall within this exception, since R.C. 2953.55(B) makes it a fourth-degree misdemeanor to release sealed records. Thus, once the court records were sealed under R.C. 2953.52, they ceased to be public records. Since the sealed records lost their status as public records, Judge Winkler was justified in refusing appellant's request.

{¶ 7} Appellant next argues that R.C. 2953.52 is unconstitutional on the ground that it violates the public's right of access. We reject this contention.

{¶ 8} The First Amendment to the United States Constitution provides a qualified right of access to criminal proceedings. *Press–Enterprise Co. v. Superi-*

*or Court of California, Riverside Cty.* (1986), 478 U.S. 1, 7–8, 106 S.Ct. 2735, 92 L.Ed.2d 1. Section 16, Article I of the Ohio Constitution guarantees the public's right to open courts. This right of access found in both the federal and state Constitutions includes records and transcripts that document the proceedings. *State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas* (1995), 73 Ohio St.3d 19, 21, 652 N.E.2d 179; *Press–Enterprise Co. v. Superior Court of California, Riverside Cty.* (1984), 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629.

{¶ 9} The right of public access, as examined in the context of a criminal proceeding, serves several lofty goals. First, a crime is a public wrong, and the interest of the community to observe the administration of justice in such an instance is compelling. Harrison, How Open Is Open? The Development of the Public Access Doctrine under State Open Courts Provisions (1992), 60 U.Cin. L.Rev. 1307, 1322. Also, the general right of public access promotes respect for and an understanding of the legal system and thus enables the public to engage in an informed discussion of the governmental process. Bechamps, Sealed Out–of–Court Settlements: When Does the Public Have a Right to Know? (1990), 66 Notre Dame L.Rev. 117, 127. The right, however, is not absolute. "No one has a right to any particular degree of openness or secrecy, except as provided by law." *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 324, 617 N.E.2d 1110. We have further held that it is a proper role of the General Assembly to balance competing private and public rights. *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 266, 602 N.E.2d 1159. The General Assembly has done so in R.C. 2953.52.

{¶ 10} R.C. 2953.52 makes another exception to the general rule of openness. R.C. 2953.52(A)(1) allows a defendant found not guilty of an offense to apply to the court to have his or her record sealed.[1] The statute further requires that following a hearing, the court must "[w]eigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.52(B)(2)(d). Thus, the court's discretion to seal records is not unfettered. Instead, the statute balances the public's right of access and the acquitted defendant's constitutional right to privacy. See *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 377, 20 O.O.3d 334, 421 N.E.2d 1303 (balancing and sealing within inherent power of court, without statute). The defendant's right to privacy takes into account the public policy of providing a second chance to criminal defendants who have been found not guilty. *State v. D.H.W.* (Fla.1996), 686 So.2d 1331, 1336.

---

1. The statute also permits a court to seal records following a dismissal of the charges or a grand jury's no bill.

{¶ 11} The only function of this statute is to allow a court, after balancing the public and private interests, to limit the life of a particular record. The public's ability to attend a criminal trial is not hindered. The media's right to report on the court proceedings is not diminished. The statute does not restrict the media's right to publish truthful information relating to the criminal proceedings that have been sealed. In addition, the public had a right of access to any court record before, during, and for a period of time after the criminal trial. In fact, the public's access to the records is unrestricted until a decision is made to seal records. The statute ensures fairness by balancing the competing concerns of the public's right to know and the defendant's right to keep certain information private. Therefore, on its face, R.C. 2953.52 is constitutional.

{¶ 12} Nor is R.C. 2953.52 unconstitutional as applied. In this case, there was a full public trial with widespread media attention. Appellant's reporters presumably attended the trial in its entirety. The court record remained open for more than five weeks after the trial had concluded. Thus, appellant had ample opportunity to report on and to access and copy the trial record for a substantial period of time before its sealing. Once a case is sealed, however, the basis for public access to the official records does not exist.

{¶ 13} We therefore conclude that R.C. 2953.52 does not violate the public's constitutional right of access to public records and that the trial court complied with its dictates.

{¶ 14} The court of appeals' judgment denying the writ is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Graydon, Head & Ritchey, L.L.P., John C. Greiner and John A. Flanagan, for appellant.

Michael K. Allen, Hamilton County Prosecuting Attorney, and David T. Stevenson, Assistant Prosecuting Attorney, for appellees.