[Cite as *State ex rel. Callos Staffing Co., L.L.C. v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-3662.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. CALLOS STAFFING COMPANY, LLC | ) | CASE NO. 11 MA 5 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:  Complaint for Writ of Mandamus

JUDGMENT:  Dismissed.

APPEARANCES:

For Relator:

Atty. Jerry M. Bryan
Atty. Jeremy R. Teaberry
Henderson, Covington, Messenger
  Newman & Thomas Co., L.P.A.
6 Federal Plaza Central, Suite 1300
Youngstown, Ohio  44503

For Respondent:

Atty. Michael DeWine
Attorney General of Ohio
Atty. Patrick MacQueeney
Assistant Ohio Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio  44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  July 13, 2011

PER CURIAM.

{1} On January 12, 2011, Relator Callos Staffing Company, LLC, commenced a public records mandamus action pursuant to R.C. 149.43 against the Director of the Ohio Department of Jobs and Family Services. The records request involved documents relating to an audit of Relator's unemployment insurance records. Respondent answered that the requested records were not public records. R.C. 4141.21 does exempt Respondent's records from the definition of public records, and therefore, there is no basis for this mandamus action. The complaint is dismissed.

{2} If a person is aggrieved by the failure of a public office to make a public record available, mandamus is an appropriate remedy. R.C. 149.43(C); *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶4. It is settled law that in order for a writ of mandamus to issue, a relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 451 N.E.2d 225. Dismissal of the writ of mandamus is required when it appears beyond doubt, after presuming the truth of all material factual allegations of the complaint and making all reasonable inferences in the relator's favor, that he or she is not entitled to the requested extraordinary relief in mandamus. *State ex rel. Satow v. Gausse-Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶11.

{3} R.C. 149.43(A)(1)(v) excludes from the definition of public records: "Records the release of which is prohibited by state or federal law". The records requested by Relator are not public records pursuant to R.C. 4141.21. This section states: "* * * the information maintained by the director of job and family services or furnished to the director by employers or employees pursuant to this chapter is for the exclusive use and information of the department of job and family services in the discharge of its duties and shall not be open to the public or be used in any court in any action or proceeding pending therein, or be admissible in evidence in any action,

other than one arising under this chapter or section 5733.42 of the Revised Code. * * *"

**{4}** The Sixth District Court of Appeals has held that: "R.C. 4141.21 exempts the disclosure of information provided to the Ohio Bureau of Employment Services from the disclosure requirements of the Ohio Public Records Act, R.C. 149.43; accord, *Ohio Civ. Rights Comm. v. Campbell* (1975), 46 Ohio App.2d 110, 75 O.O.2d 88, 345 N.E.2d 438." *Wiggins v. Ohio Bur. of Emp. Serv.* (1992), 80 Ohio App.3d 829, 832, 610 N.E.2d 1150; concur *Hanson v. Ohio Edison* (Jan. 10, 1996), 9th Dist. No. 17169.

**{5}** Because there is no clear legal duty for Respondent to make records available under R.C. 149.43 that are not public, we sua sponte dismiss this complaint for writ of mandamus.

**{6}** Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.