[Cite as *State ex rel. Brown. v. Frary*, 2011-Ohio-4531.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO, ex rel.
FRANK C. BROWN, JR.

      Relator

-vs-

LINDA H. FRARY, CLERK OF THE COURT OF COMMON PLEAS

      Respondent

JUDGES:
Hon. John W. Wise, P. J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.


Case No. 10 CA 144


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Writ of Mandamus |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | September 6, 2011 |

APPEARANCES:

| For Relator | For Respondent |
|---|---|
| FRANK C. BROWN, JR., PRO SE | JAMES J. MAYER |
| 1580 State Route 56, SW | PROSECUTING ATTORNEY |
| Post Office Box 69 | 38 South Park Street, 2nd Floor |
| London, Ohio 43140-0069 | Mansfield, Ohio 44902 |

*Wise, P. J.*

**{¶1}** Relator, Frank Brown, has filed a Complaint for Writ of Mandamus alleging Respondent, Linda Frary, Clerk of the Richland County Common Pleas Court failed to provide public records upon request. Respondent Frary in turn filed a Motion to Dismiss which is being treated as a Motion for Summary Judgment pursuant to Civ.R. 12(B).

**{¶2}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Court records are generally public records subject to disclosure under the Public Records Act. See *State ex rel. Cincinnati Enquirer v. Winkler,* 101 Ohio St.3d 382, 2004–Ohio–1581, 805 N.E.2d 1094, ¶ 5 ("court records fall within the broad definition of a 'public record' in R.C. 149.43(A)(1)")" *State ex rel. Striker v. Smith*, 2011 WL 2498100, 2.

**{¶3}** Relator made two separate requests to Respondent for certain records. The first request was sent on October 5, 2009 requesting three items: "1. Motion for Prejudgment Attachment, Case Number 2008 CV 005H, 2. Cover page of Appellant Brief, Case No. 2008 CV 0065 H, and 3. Cover pages I am sending you now." To this request, Respondent sent Relator a letter and advised that copies of public records would not be provided without a self addressed, stamped envelope.

**{¶4}** With regard to item number three, Relator filed documents with the Clerk, however, Relator did not send copies of those documents at the time of filing. Rather, several days later, he sent the copies and wanted them returned to him with a stamp bearing the original date of filing. Respondent advised she was not able to stamp the copies after the fact. She explained that copies would only be stamped if presented with the original at the time of filing the original. She did however offer to send copies of the original once Relator provided a self addressed, stamped envelope.

**{¶5}** Relator then sent a letter on January 29, 2010 which contained the following request, "At this time I am, once again, renewing my previous public records request for copies of documents filed in case no 2008-CV-0065H, those ebing(sic) a stamp-filed copy of the motion for prejudgment attachment, the cover page of the appellant brief, the most recent motion for summary judgment and any other motion that was failed to have been served upon me." In response, Respondent sent Relator a letter which contained a copy of the docket from 2008CV0065H and a copy of a motion for summary judgment. Respondent advised Relator that Respondent has no way of knowing which motions were not served upon Relator, and further, Respondent could not provide a copy of the cover page of an appellate brief without a case number.

**{¶6}** The Court finds Relator's request for the appellate brief and request for motions which were not served upon Relator were unclear. " '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' " *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, 1993 WL 173743, *1.

{¶7} An "appellate brief" by definition would be located in an appellate file. The only case number provided by Relator was a civil case number. An "appellate brief" would not be located in a civil case file. Respondent promptly provided the motion for summary judgment to Relator which was the only document clearly identified in the request. We find Respondent fulfilled her duty when she provided the document which was clearly requested and a copy of the docket along with a letter indicating the remainder of the request was too vague.

{¶8} Respondent indicated to Relator that she could not find a motion for prejudgment interest. Relator has attached a copy of the motion he wanted to the instant complaint. The Supreme Court has held that once a requestor has a copy of the item requested, the mandamus complaint is moot. *State ex rel. Striker v. Smith,* 2011 WL 2498100, 3.

{¶9} Therefore, the Court finds the instant mandamus complaint is moot relative to the request for the motion for prejudgment interest because Relator is already in possession of the requested public record.

{¶10} For these reasons, we find Relator has failed to demonstrate the elements necessary for the issuance of a writ of mandamus. Respondent's motion to dismiss is granted.

By: Wise, P. J.

Delaney, J., concurs.

Edwards, J., concurs in part and dissents in part.

_____

_____

_____

JUDGES

JWW/d 0705

EDWARDS, J., CONCURRING IN PART AND DISSENTING IN PART OPINION

{¶11} I concur with the decision of the majority except the decision regarding Relator's request for the cover page of an appellate brief where Relator failed to provide an appellate case number.

{¶12} The Relator provided the case number of the trial court case to the Clerk. From that information, the Clerk could have easily, and with little effort, found the case number for the appellate court case and copied the cover page for Relator. I would, therefore, grant the writ regarding Relator's request for the cover page of the "Appellant. Brief."

_____

Judge Julie A. Edwards

JAE/rmn

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO, ex rel.                    :
FRANK C. BROWN, JR.                       :
                                          :
        Relator                           :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
LINDA H. FRARY, CLERK OF THE              :
COURT OF COMMON PLEAS                     :
                                          :
        Respondent                        :          Case No. 10 CA 144


For the reasons stated in our accompanying Memorandum-Opinion, the

complaint for a writ of mandamus filed in the Court of Common Pleas of Richland

County, Ohio, is dismissed.

Costs assessed to Relator.


_____


_____


_____

                    JUDGES