O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 40} This case concerns whether an order sealing the criminal record of a minor misdemeanant is invalid based on the trial court’s citation to the wrong statutory code section in its preprinted form journal entry for sealing the record of conviction and its failure to set the motion to seal the record for a hearing.
{¶ 41} In case No. 2012-1924, the Cincinnati Enquirer seeks a writ of mandamus to compel Judge Robert H. Lyons of the Butler County Area I Court to vacate the order sealing court records related to the prosecution of a John Doe defendant for a disorderly-conduct misdemeanor charge that arose from the posting of a flier promoting rape of females at Miami University in Oxford, Ohio.
*19 {¶ 42} In case No. 2013-0300, the Enquirer seeks not only a writ of mandamus to compel Judge Lyons to produce criminal case records for the past five years that have been sealed by the court using a form journal entry that contains a reference to R.C. 2953.52 instead of R.C. 2953.32, but also a writ of prohibition to prevent Judge Lyons from enforcing the orders to seal those records.
{¶ 43} I would deny the writs in both cases. Judge Lyons had authority to seal the records of minor misdemeanants upon disposition of the charges, and the errant reference to the wrong code section in the entries and the failure to schedule a future hearing on them do not invalidate the court’s orders in those cases. Moreover, the court has exercised its discretion to grant Doe’s motion to withdraw his guilty plea and asserted its authority to reseal that record after the state had dismissed the disorderly-conduct complaint against Doe.
{¶ 44} Accordingly, in case No. 2012-1924, I respectfully dissent from the majority’s decision to grant a writ of mandamus. And in case No. 2013-0300, I concur in judgment only denying the writs of mandamus and prohibition.
Public Access to Court Records
{¶ 45} As we explained in State ex rel. Striker v. Smith, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 21, “Court records are generally public records subject to disclosure under the Public Records Act.” See also State ex rel. Cincinnati Enquirer v. Winkler, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 5 (“court records fall within the broad definition of a public record in R.C. 149.43(A)(1)”); State ex rel. WBNS TV, Inc. v. Dues, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27 (“any record used by a court to render a decision is a record subject to R.C. 149.43”). However, the act does not require the disclosure of “[rjecords the release of which is prohibited by state or federal law.” R.C. 149.43(A)(l)(v).
{¶ 46} Similarly, the Superintendence Rules provide, “Court records are presumed open to public access.” Sup.R. 45(A). The term “court records” in this context is defined by Sup.R. 44(B) to include both case documents and administrative documents. But pursuant to Sup.R. 44(C)(2)(a), “[a] document or information in a document exempt from disclosure under state, federal, or the common law” is excluded from the definitions of court records and case documents, and therefore such documents are not accorded the presumption of openness established by Sup.R. 45(A).
{¶ 47} R.C. 2953.32 and 2953.52 authorize the court to seal court records, and sealed records are exempt from release as public records. See, e.g., State ex rel. Cincinnati Enquirer v. Winkler, 101 Ohio St.3d 382, 2004-0hio-1581, 805 N.E.2d 1094, ¶ 6 (“once the court records were sealed under R.C. 2953.52, they ceased to be public records”); State ex rel. Highlander v. Rudduck, 103 Ohio St.3d 370, *20 2004-Ohio-4952, 816 N.E.2d 213, ¶ 11 (“properly sealed court records are excepted from disclosure”). Notably, pursuant to R.C. 2953.35(A), it is a fourth-degree misdemeanor to release a sealed record in violation of R.C. 2953.32, and releasing sealed records in violation of R.C. 2953.52 is a fourth-degree misdemeanor pursuant to R.C. 2953.55(B). Thus, provided Judge Lyons properly sealed the records at issue in this case, the Enquirer has no clear legal right to their release.

R.C. 2953.32

{¶ 48} R.C. 2953.32(A)(1) permits an “eligible offender” to apply to the court to seal a record of conviction. R.C. 2953.31(A) defines the term “eligible offender” to mean “anyone who has been convicted of an offense * * * and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.” (Emphasis added.) It also clarifies, “For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor * * * is not a conviction.” The statute does not limit eligibility to those who have committed a felony offense or a misdemeanor offense, but rather applies to anyone who has been convicted of an offense, and a minor misdemeanor is an offense in Ohio. R.C. 2901.02(A) (“Offenses include * * * minor misdemeanors * * * ”). Thus, minor misdemeanants are eligible offenders who may apply to a court to seal a record of conviction.
{¶ 49} And the statute does not require a minor misdemeanant to wait one year before applying to seal a record of conviction. R.C. 2953.32(A)(1) provides that “Application may be made at the expiration of three years after the offender’s final discharge if convicted of a felony, or at the expiration of one year after the offender’s final discharge if convicted of a misdemeanor.” But pursuant to R.C. 2901.02, misdemeanors and minor misdemeanors are separate classifications of offenses. See generally State v. Collins, 67 Ohio St.3d 115, 116, 616 N.E.2d 224 (1993) (“Throughout R.C. Title 29, minor misdemeanors are distinguished from other misdemeanors”). The General Assembly could have made both misdemeanors and minor misdemeanors subject to the one-year waiting period, but it chose not to do so, and “a court may not add words to an unambiguous statute, but must apply the statute as written.” State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 15. The General Assembly did not prescribe a waiting period to seal a conviction for a minor misdemeanor. Thus, in contrast to felony and misdemeanor convictions, there is no waiting period for applying to seal a minor-misdemeanor conviction.
*21 {¶ 50} R.C. 2953.32(B) provides, “Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.” R.C. 2953.32(C)(2) then directs the court to seal the record if it determines that the applicant is an eligible offender, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant’s conviction sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the applicant has attained rehabilitation to the satisfaction of the court.
{¶ 51} The majority reasons that a one-year waiting period applies to the sealing of a conviction for a minor misdemeanor, because “[i]f sealing could occur immediately upon conviction, rehabilitation would be irrelevant.” Majority opinion at ¶ 22. While it is true that the applicant has the burden to demonstrate rehabilitation to the satisfaction of the court, the convictions at issue here are for minor misdemeanors, the lowest offense classification designated by the legislature. In fact, the General Assembly distinguished them from felonies and other misdemeanors, which it subjected to a waiting period, because of the diminished culpability and harm caused by committing a minor misdemeanor. It is therefore reasonable that no waiting period is needed to evaluate the rehabilitation of a minor misdemeanant. Thus, contrary to the majority’s assertion, the lack of a waiting period for minor misdemeanants does not make the trial court’s duty to find that the offender has attained satisfactory rehabilitation irrelevant. Rather, an offender who is unable to demonstrate satisfactory rehabilitation may not have the record sealed, regardless of whether a waiting period applies.

R.C. 2953.52

{¶ 52} R.C. 2953.52(A)(1) authorizes the court to seal the records of those charged with, but not convicted of, an offense: “Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person’s official records in the case.” With exceptions not relevant here, the application may be filed at any time after the entry of the acquittal or dismissal — no waiting period applies. Id.
{¶ 53} R.C. 2953.52(B)(1) states that, upon the filing of an application to seal records, “the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.” R.C. 2953.52(B)(4) further provides that if the court *22 determines that the applicant was found not guilty in the case or the complaint, indictment, or information in the case was dismissed, that no criminal proceedings are pending against the person, and that the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall order the record sealed.

Analysis

{¶ 54} In this case, R.C. 2953.32 authorized Judge Lyons to seal the conviction records of John Doe and of other similarly situated individuals convicted of minor misdemeanors. Minor misdemeanants are eligible to apply for sealing pursuant to R.C. 2953.31(A), and although the court sealed records with an entry that inadvertently referenced R.C. 2953.52, not R.C. 2953.32, such a clerical mistake is apparent on the record and does not affect the validity of the judgment. As we explained in State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting State v. Brown, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (2000), “ ‘The term “clerical mistake” refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'' ” (Emphasis added.) The failure to cite the correct statute as authority for judicial action is such a nonsubstantive error that does not affect the validity of the order. See State v. Lester, 130 Ohio St.3d 303, 2011-0hio-5204, 958 N.E.2d 142, ¶ 20 (distinguishing errors that affect only the form of the entry from violations of substantive requirements). Tellingly, the Enquirer cites no specific authority to the contrary.
{¶ 55} The court’s decision to conduct the hearing required by R.C. 2953.32(B) and 2953.52(B) immediately upon disposition does not invalidate the order to seal. There is no waiting period for a minor misdemeanant to apply to seal a record, and Judge Lyons had scheduled the hearing on the application for the same day. There is no statutory language requiring the court to set a hearing date “at a reasonable time in the future,” majority opinion at ¶ 33, or to provide notice of the hearing to the public. Rather, the statutes direct the court only to notify the prosecutor of the hearing, and the prosecutor alone is granted the right to object to sealing. And notably, conducting a “hearing” does not even necessarily require a formal court appearance or evidentiary presentation, but may also involve the court’s consideration of the filings. See, e.g., Sumner v. Mata, 449 U.S. 539, 546, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (a review of the paper record is a “hearing” for purposes of the federal habeas statute, 28 U.S.C. 2254); Black’s Law Dictionary 789 (9th Ed.2009) (distinguishing an evidentiary hearing from “a hearing at which only legal argument is presented”).
*23 Graydon, Head & Ritchey, L.L.P, and John C. Greiner, for relator.
Michael T. Gmoser, Butler County Prosecuting Attorney, and Dan L. Ferguson, Assistant Prosecuting Attorney, for respondent in case No. 2012-1924.
Montgomery, Rennie & Jonson and George D. Jonson, for respondent in case No. 2013-0300.
Conclusion
{¶ 56} Properly sealed records are exempt from release as public records. See R.C. 149.43(A)(l)(v); Sup.R. 44(C)(2)(a). In my view, because Judge Lyons had authority to seal the records at issue, there is no clear legal right to their release and therefore mandamus and prohibition do not lie. The errant reference to the wrong statutory code section in the form journal entries does not affect the validity of the orders. And a court has statutory authority to seal the records of minor misdemeanants upon disposition of the charges, as Judge Lyons did in this case. Accordingly, the requested writs should be denied.