**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Cincinnati Enquirer v. Lyons*, **Slip Opinion No. 2014-Ohio-2354.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2354

THE STATE EX REL. CINCINNATI ENQUIRER *v.* LYONS, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Cincinnati Enquirer v. Lyons*, **Slip Opinion No. 2014-Ohio-2354.]**

*Mandamus—Prohibition—Public records—R.C. 149.43—Court records—Sealing of records—Sealed records are not public records—R.C. 2953.32 and 2953.52—Minor misdemeanants must wait one year before applying to have records sealed under R.C. 2953.32—Court must set date for hearing under both R.C. 2953.32 and 2953.52—Court may not seal record immediately upon application.*

(Nos. 2012-1924 and 2013-0300—Submitted November 5, 2013—Decided June 5, 2014.)

_____

IN MANDAMUS.

IN MANDAMUS and PROHIBITION.

_____

**LANZINGER, J.**

{¶ 1} Two original actions filed by the Cincinnati Enquirer have been combined for resolution as related cases. In case No. 2012-1924, the Enquirer

seeks a writ of mandamus to compel Judge Robert H. Lyons of the Butler County Area I Court to vacate his order sealing records related to the prosecution of a John Doe defendant for a disorderly-conduct misdemeanor charge that arose from his posting of a flier that advocated the rape of women at Miami University in Oxford, Ohio. In case No. 2013-0300, the Enquirer seeks two writs: a writ of mandamus to compel Lyons to produce criminal records for the past five years that have been incorrectly sealed with a journal entry referencing R.C. 2953.52 instead of R.C. 2953.32, and a writ of prohibition to prevent him from enforcing his orders to seal those records.

{¶ 2} We deny the writs in case No. 2013-0300 but grant the writ of mandamus in case No. 2012-1924 and remand to the trial court for further proceedings.

**Factual and Procedural History**

*Case No. 2012-1924*

{¶ 3} In the fall of 2012, a misdemeanor prosecution was instituted against John Doe in connection with a flier distributed on the campus of Miami University promoting the "Top Ten Ways to Get Away with Rape." The Cincinnati Enquirer had printed a series of articles covering the incident and the university's response.

{¶ 4} Doe pled guilty to disorderly conduct, a minor misdemeanor, and an entry was filed on November 7, 2012, with the understanding that the court record would be sealed. He immediately applied to seal the case records using a preprinted form provided by the court that referenced R.C. 2953.52 rather than R.C. 2953.32 as authority for sealing of the conviction record. The prosecutor did not object to the application, and the court signed the order sealing the record. The Enquirer obtained a redacted copy of that order.

{¶ 5} On November 14, 2012, the Enquirer filed case No. 2012-1924, seeking a writ of mandamus to compel Judge Lyons to vacate the order sealing the record.

{¶ 6} Lyons filed an answer on December 13, 2012, admitting that he had erroneously relied on R.C. 2953.52 as authority to seal Doe's record but denying that the Enquirer had been deprived of its right of access to a criminal proceeding or that it was entitled to a writ of mandamus. The same day, Lyons unsealed the court record in Doe's case, set aside Doe's conviction, and permitted him to withdraw his guilty plea. The state then dismissed the charge, and the court purportedly resealed the record pursuant to R.C. 2953.52, finding that Doe's interest in having the records sealed outweighed any legitimate governmental need to maintain them.[1]

{¶ 7} The Enquirer contends that Lyons's initial order sealing Doe's record of conviction is unlawful, because R.C. 2953.52 does not authorize sealing the record in a case that results in a conviction. It also claims that Lyons lacked authority to set aside the conviction and allow Doe to withdraw his plea because the court was not bound by the plea agreement and thus Doe's expectation that the record would remain sealed does not amount to the manifest injustice required by Crim.R. 32.1. The Enquirer asserts that the second order sealing Doe's record is unlawful, because Lyons did not set a date for the hearing on Doe's application to seal the records as required by R.C. 2953.52(B)(1), but rather conducted an oral hearing immediately following the withdrawal of Doe's plea, which precluded the Enquirer from attending and protecting its right to access the records.

{¶ 8} Lyons maintains that the Enquirer lacks standing to challenge the order allowing Doe to withdraw his guilty plea, because it is not a party to that case, and its request intrudes into judicial and prosecutorial discretion. He

---

[1] Lyons filed a suggestion of mootness requesting dismissal of case No. 2012-1924. This court, however, granted an alternative writ.

contends that a manifest injustice supported withdrawal of the plea because unsealing Doe's record would breach the terms of the plea agreement and that the rights of the accused outweigh the rights of the press to access a court record. Lyons also asserts that he had no duty to notify the Enquirer of the hearing on Doe's motion to seal the record, because he complied with R.C. 2953.52(B)(1), which required him only to set a date for a hearing and to notify the prosecutor, who had been prepared to proceed.

*Case No. 2013-0300*

{¶ 9} In the course of discovery in case No. 2012-1924, the Enquirer learned that Judge Lyons had sealed numerous other minor-misdemeanor conviction records by using a form that cites R.C. 2953.52 instead of the correct statute, R.C. 2953.32.

{¶ 10} In its complaint in 2013-0300, the Enquirer requested a writ of mandamus requiring Lyons to produce all records of criminal proceedings sealed pursuant to R.C. 2953.52 following a conviction for the preceding five years. The Enquirer also asserts that the court should have at least produced redacted versions of the requested records, as required under Sup.R. 45(E)(3), and under R.C. 149.43(B)(1) for cases before the effective date of the rules. Lyons, the Enquirer alleges, has violated both the Rules of Superintendence and the Public Records Act by failing to use the least restrictive means in denying the request for court records.

**Law and Analysis**

{¶ 11} Mandamus is the appropriate remedy to compel compliance with the Public Records Act, R.C. 149.43(C)(1), and to enforce the provisions of the Superintendence Rules granting public access to court records, Sup.R. 47(B).[2] To

---

[2] We have held that when court documents are requested pursuant to both the Public Records Act and the Rules of Superintendence, we will decide the case by applying the Rules. *See State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8 (noting that the rules

be entitled to extraordinary relief in mandamus, the Enquirer must establish a clear legal right to the sealed records, a clear legal duty on the part of the court to unseal them, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 22.

**{¶ 12}** To be entitled to a writ of prohibition preventing enforcement of the sealing orders, the Enquirer must establish that Lyons is about to or has exercised judicial power, that the exercise of that power is unauthorized by law, and that denying the writ would result in an injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

*Superintendence Rules—Right to Access*

**{¶ 13}** Effective July 1, 2009, we adopted Rules of Superintendence for the Courts of Ohio regarding public access to court records. Sup.R. 44 through 47. Pursuant to Sup.R. 45(A), "Court records are presumed open to public access."[3] A person who is denied access to court records has a specific remedy. "A person aggrieved by the failure of a court or clerk of court to comply with the

---

"deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records"); *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 23 ("We decide this case based on the Rules of Superintendence, which provide for public access to court records"). However, because the Enquirer in case No. 2013-0300 requests case documents in actions commenced prior to the effective date of Sup.R. 44 through 47—July 1, 2009—it properly invokes the Public Records Act as well. Sup.R. 47(A)(1); *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 21, fn. 2.

[3] "Court record" includes "both a case document and an administrative document, regardless of physical form or characteristic, manner of creation, or method of storage." Sup.R. 44(B).

requirements of Sup. R. 44 through 47 may pursue an action in mandamus * * *." Sup.R. 47(B).

{¶ 14} Like Ohio's public-records law, the Rules of Superintendence regarding public access to court records should enjoy a broad judicial construction in favor of access to records, which promotes openness, transparency of process, and accountability. Sup.R. 45, like R.C. 149.43, embraces the principle that the people have a right to know what their government is doing. But access is not unlimited, and we have crafted exemptions in Sup.R. 44 and 45 that are to be viewed stringently.

{¶ 15} Once sealed, a criminal record, i.e., a case document, is exempt from public access. Sup.R. 44(C)(2)(a). As we have previously stated, "expungement is an act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). Thus, the sealing of a criminal record is a " 'privilege, not a right' " and should only be granted when all statutory requirements are met. *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. The question here is whether any of the case documents under discussion have been *properly* sealed so as to be a "document or information in a document exempt from disclosure under state, federal, or the common law." Sup.R. 44(C)(2)(a).

*The Statutes Governing Sealing of Records*

{¶ 16} Two different statutes relate to sealing of court documents—R.C. 2953.32, for sealing of records after conviction, and R.C. 2953.52, for sealing after disposition other than conviction. The disposition of the case determines which statute applies, and the pertinent language of each bears quoting.

*R.C.2953.32—Sealing of Records (Conviction)*

{¶ 17} R.C. 2953.32 provides:

(A)(1) * * * [A]n *eligible offender may apply* to the sentencing court * * * for the sealing of the conviction record. Application may be made at the expiration of *three years after* the offender's final discharge if *convicted of a felony*, or at the expiration of *one year after* the offender's final discharge if *convicted of a misdemeanor.*

\* * *

(B) *Upon the filing* of an application under this section, *the court shall set a date for a hearing* and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court *prior to the date set for the hearing.* The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. * * *

(C)(1) *The court shall do each of the following*:

(a) Determine whether the applicant is an eligible offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender * * *, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, *after complying with division (C)(1) of this section*, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records pertaining to the case sealed * * * .

(Emphasis added.)

{¶ 18} The term "eligible offender" is defined in R.C. 2953.31(A) as

anyone who has been *convicted* of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. * * *

For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor * * * is not a conviction.

(Emphasis added.)

{¶ 19} Previously, the sealing statute applied only to first-time offenders. *See* former R.C. 2953.32(A), Am.Sub.S.B. No. 5, 135 Ohio Laws, Part I, 70. The current definition of "eligible offender" expands the pool of applicants to those convicted of not more than one felony and potentially two misdemeanors. Lyons interprets "a conviction for a minor misdemeanor * * * is not a conviction" to mean that a minor-misdemeanor conviction is not subject to the waiting period in R.C. 2953.32(A)(1), because it is not a "conviction." However, that sentence merely excludes a minor-misdemeanor conviction from being counted as a prior conviction in determining whether an offender is eligible to have records sealed.

{¶ 20} Felonies are classified from first to fifth degree and misdemeanors from first degree to minor. The dissent quotes *State v. Collins*, 67 Ohio St.3d 115, 116, 616 N.E.2d 224 (1993), and relies on language distinguishing minor misdemeanors from other misdemeanors. But in *Collins* we simply applied the rule of lenity and held that "[a] minor misdemeanor may not serve as the underlying predicate offense for purposes of the involuntary manslaughter statute, R.C. 2903.04(B)." *Id*. at syllabus.

{¶ 21} Even though there may be some distinctions between the different degrees of misdemeanor, this does not mean that they are not still all misdemeanors, just as a Labrador retriever, although different from other dogs, is still a dog. R.C. 2901.02(D) states that "[r]egardless of the penalty which may be imposed, any offense specifically classified as a felony is a felony, and any offense specifically classified as a misdemeanor is a misdemeanor." And Crim.R. 2(B) states that " '[m]isdemeanor' means an offense defined by law as a misdemeanor." A minor misdemeanor remains a misdemeanor.

{¶ 22} Lyons stated in his deposition that pursuant to his interpretation, R.C. 2953.32 does not prescribe a waiting period for minor-misdemeanor

convictions. But one of the judicial findings to be made before the sealing of any conviction records, whether felony or misdemeanor, is that the applicant's rehabilitation must be attained to the satisfaction of the court. R.C. 2953.32(C)(1)(c). This means some time must pass before the application is made. If sealing could occur immediately upon conviction, rehabilitation would be irrelevant. R.C. 2953.32(A)(1) requires a one-year waiting period for misdemeanor convictions, and it does not exclude minor misdemeanor convictions from the waiting period.

{¶ 23} In summary, R.C. 2953.32(A)(1) provides that after the appropriate periods, three years after final discharge for a felony conviction or one year for a misdemeanor, an "eligible offender" under R.C. 2953.31(A) may apply for sealing of a criminal record. The court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. R.C. 2953.32(B). Prosecutorial objections may be filed before the hearing, and the court has the option of requesting reports from the probation department. *Id.* The court shall order sealing of the record only after complying with division (C)(1) of the statute.

*R.C. 2953.52—Sealing of Records (Nonconviction)*

{¶ 24} In comparison, R.C. 2953.52 provides:

(A)(1) *Any person*, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, *may apply to the court for an order to seal* the person's official records in the case. Except as provided in section 2953.61 of the Revised Code [relating to multiple cases], the application may be filed *at any time* after the finding of not guilty or the dismissal of the complaint, indictment,

or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

* * *

(B)(1) Upon the filing of an application * * *, the court *shall set a date for a hearing* and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to *the date set for the hearing*. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court *shall do each of the following*, except as provided in division (B)(3) of this section:

(a) (i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

(Emphasis added.)

{¶ 25} In contrast to R.C. 2953.32, this statute applies when disposition is *not* by conviction. And although there is no one- or three-year waiting period before applying for sealing, the sealing still is not automatic. Like R.C. 2953.32(B), R.C. 2953.52(B)(1) states that the court upon application "shall set a date for a hearing."

*Judge Lyons's Procedure for Sealing*

{¶ 26} By his own admission, Judge Lyons did not use the proper statute or follow the proper procedure in sealing records of minor misdemeanors. He acknowledges that unsealed criminal convictions are "court records" and are subject to public access. And he also acknowledges that for an indeterminate period of time he sealed minor-misdemeanor convictions using a form that incorrectly referenced R.C. 2953.52, which is the statute that pertains to sealing of records for dispositions other than convictions. He testified in a deposition that it was his practice to permit the immediate sealing of a minor-misdemeanor conviction upon the conclusion of the case. Lyons's affidavit states, "Based on my interpretation of Ohio law, a judge has the authority to issue an order to seal the record of a minor misdemeanor disorderly conduct conviction upon the conclusion of the case once an eligible offender has filed an application to seal the record." But this interpretation is mistaken.

*The Sealing of a Case Document is Not Immediate*

{¶ 27} When an applicant has a conviction, the hearing on an application to seal that conviction will not occur until one or three years "after the offender's final discharge." R.C. 2953.32(A)(1). But even when the applicant has no conviction, R.C. 2953.52(B)(1) requires that the court "shall set a date for a hearing," meaning that the sealing of a criminal record may not be done immediately in such cases. Setting a date implies that sealing will be considered

in the future. Lyons suggests that the prosecutor waived the hearing requirement in case No. 2012-1924.

{¶ 28} We have repeatedly recognized that use of the term "shall" in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary. *See, e.g., Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus; *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996); *Crawford v. State, Div. of Parole & Community Servs.,* 57 Ohio St.3d 184, 189, 566 N.E.2d 1233 (1991) (criminal statute); *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 3-4, 511 N.E.2d 1138 (1987) (criminal rule). We have previously held that a statute or rule that uses the word "shall" in describing an act to be performed is not generally susceptible of a "substantial compliance" standard of interpretation. *Pless* at 340; *State v. Golphin*, 81 Ohio St.3d 543, 546, 692 N.E.2d 608 (1998).

{¶ 29} A contrary interpretation might be correct if either statute simply required the court to "hold a hearing" or permitted the court to seal a case record immediately upon application. But that is not what either statute says. Under R.C. 2953.32(B) and 2953.52(B)(1), the court "shall set a date for a hearing." That means that no matter which statute is used, the court may not seal immediately when an application is made to the court. Although the dissenting opinion suggests that conducting a hearing does not necessarily require a formal court appearance or evidentiary presentation, the fact remains that the statute requires the court to "set a date for a hearing."

*Case No. 2012-1924*

{¶ 30} The Enquirer has provided sufficient evidence that John Doe's criminal case record was improperly sealed. When Lyons initially purported to seal the record, he incorrectly utilized R.C. 2953.52, which involves case dispositions when there has not been a conviction. Without appearing in court, the defendant initially entered a plea of guilty to a minor-misdemeanor charge of

disorderly conduct, he was sentenced, and an improper entry was used to immediately seal his record.

**{¶ 31}** The dissenting opinion characterizes Judge Lyons's use of the improper entry as merely a "clerical mistake" that did not affect the order's validity. But the impropriety was more than just "an errant reference to the wrong statutory code section." The entry purports to make findings in support of the decision to seal the record of *a conviction*. Nowhere is it found that the applicant is an "eligible offender" or that the applicant has attained rehabilitation to the satisfaction of the court. R.C. 2953.32(C)(1)(a) and (c). These required findings were not made, and so the entry sealing John Doe's conviction was not valid.

**{¶ 32}** After the Enquirer filed case No. 2012-1924 and even after being aware that the press was seeking access to a case record, Lyons allowed withdrawal of the plea of guilty. He "unsealed" the previously improperly sealed record, accepted the prosecutor's nolle prosequi of the charge, and immediately held a hearing on the motion to seal the record again under R.C. 2953.52, the same statute previously used.

**{¶ 33}** We note that a court record like John Doe's is subject to the presumption of public access under Sup.R. 45(A). Only when it has been properly sealed is it exempt from public view. Sup. R. 44(C)(2)(a). As noted, R.C. 2953.52 does not provide for immediate sealing. If Lyons had "set a date for a hearing," as the statute mandates at a reasonable time in the future then the Enquirer could have had notice and been present to exercise its rights.

**{¶ 34}** We have already upheld R.C. 2953.52 on its face and as applied against a constitutional challenge in a case that is instructive as to timing of applications to seal when there is no conviction. *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094. In *Winkler*, the defendant was acquitted of all charges and filed a motion to seal the official record of his case pursuant to R.C. 2953.52 a day after the trial ended. The judge

14

did not hold a hearing until almost six weeks later, after which he granted the application. Because Lyons did not follow the proper statutory procedure, the case document here remains a court record subject to public access.

*Case No. 2013-0300*

**{¶ 35}** But in case No. 2013-0300, the Enquirer has not established a clear legal right to a writ of mandamus. The case records that have been requested have not been sufficiently identified as being improperly sealed. We must presume their regularity as sealed records. *State v. Phillips*, 74 Ohio St.3d 72, 92, 656 N.E.2d 643 (1995) ("a trial court's proceedings are presumed regular unless the record demonstrates otherwise"). For a dismissed minor-misdemeanor charge, a sealing pursuant to R.C. 2953.52 is presumed lawful on its face. Without evidence to the contrary, an application may have in fact been made, a hearing date set, and a hearing properly held. While it is also possible that a minor-misdemeanor conviction was sealed immediately rather than after the one-year waiting period, we cannot ascertain this without unsealing the order. Nor is it clear when a hearing may have been held. Without evidence of improper sealing then, as was provided in the Doe case, a sealed record is presumed to be "a document or information in a document exempt from disclosure under state, federal, or the common law." Sup.R. 44(C)(2)(a). Therefore, we conclude that the Enquirer has not met its burden to show that it is entitled to have access to these court records.

*Conclusion*

**{¶ 36}** Although Judge Lyons believed that immediate sealing of a minor misdemeanor was possible upon disposition, he was incorrect. Under R.C. 2953.32, an eligible offender convicted of a minor misdemeanor must wait one year before applying to have a record sealed. And even when there is no conviction, it is mandatory for the court to set a hearing date. Thus, it appears

that the General Assembly has determined to have at least a short waiting period for dispositions other than conviction.

{¶ 37} There may be good reason to treat minor-misdemeanor dispositions separately, and if the General Assembly intends for minor-misdemeanor records to be immediately sealable, it should say so. We hold that the court must set a date for the hearing when an application to seal felony or misdemeanor records is made. Neither R.C. 2953.52 nor 2953.32 provides for the immediate sealing of a minor-misdemeanor proceeding, regardless of its disposition, by conviction or otherwise.

{¶ 38} We therefore grant the writ in case No. 2012-1924, but we deny the writs of mandamus and prohibition in case No. 2013-0300, because the Enquirer failed to establish a clear legal right to the records it requested.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH and O'NEILL, JJ., concur.

SADLER, J., concurs in judgment only.

PFEIFER and O'DONNELL, JJ., concur in part and dissent in part.

LISA L. SADLER, J., of the Tenth Appellate District, sitting for KENNEDY, J.

_____

**SADLER, J., concurring in judgment only.**

{¶ 39} I agree that the language providing that the court "shall set a date for a hearing" as used in R.C. 2953.52(B)(1) and 2953.32(B) does not contemplate the immediate holding of a hearing as occurred in the case of John Doe. Because I view this issue as dispositive, I concur in judgment only in case No. 2012-1924. Additionally, I concur in judgment only in the denial of the requested writs in case No. 2013-0300.

_____

**O'DONNELL, J., concurring in part and dissenting in part.**

{¶ 40} This case concerns whether an order sealing the criminal record of a minor misdemeanant is invalid based on the trial court's citation to the wrong statutory code section in its preprinted form journal entry for sealing the record of conviction and its failure to set the motion to seal the record for a hearing.

{¶ 41} In case No. 2012-1924, the Cincinnati Enquirer seeks a writ of mandamus to compel Judge Robert H. Lyons of the Butler County Area I Court to vacate the order sealing court records related to the prosecution of a John Doe defendant for a disorderly-conduct misdemeanor charge that arose from the posting of a flier promoting rape of females at Miami University in Oxford, Ohio.

{¶ 42} In case No. 2013-0300, the Enquirer seeks not only a writ of mandamus to compel Judge Lyons to produce criminal case records for the past five years that have been sealed by the court using a form journal entry that contains a reference to R.C. 2953.52 instead of R.C. 2953.32, but also a writ of prohibition to prevent Judge Lyons from enforcing the orders to seal those records.

{¶ 43} I would deny the writs in both cases. Judge Lyons had authority to seal the records of minor misdemeanants upon disposition of the charges, and the errant reference to the wrong code section in the entries and the failure to schedule a future hearing on them does not invalidate the court's orders in those cases. Moreover, the court has exercised its discretion to grant Doe's motion to withdraw his guilty plea and asserted its authority to reseal that record after the state had dismissed the disorderly-conduct complaint against Doe.

{¶ 44} Accordingly, in case No. 2012-1924, I respectfully dissent from the majority's decision to grant a writ of mandamus. And in case No. 2013-0300, I concur in judgment only denying the writs of mandamus and prohibition.

**Public Access to Court Records**

{¶ 45} As we explained in *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 21, "Court records are generally public records subject to disclosure under the Public Records Act." *See also State ex rel. Cincinnati Enquirer v. Winkler,* 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 5 ("court records fall within the broad definition of a public record in R.C. 149.43(A)(1)"); *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27 ("any record used by a court to render a decision is a record subject to R.C. 149.43"). However, the act does not require the disclosure of "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v).

{¶ 46} Similarly, the Superintendence Rules provide, "Court records are presumed open to public access." Sup.R. 45(A). The term "court records" in this context is defined by Sup.R. 44(B) to include both case documents and administrative documents. But pursuant to Sup.R. 44(C)(2)(a), "[a] document or information in a document exempt from disclosure under state, federal, or the common law" is excluded from the definitions of court records and case documents, and therefore such documents are not accorded the presumption of openness established by Sup.R. 45(A).

{¶ 47} R.C. 2953.32 and 2953.52 authorize the court to seal court records, and sealed records are exempt from release as public records. *See, e.g., State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 6 ("once the court records were sealed under R.C. 2953.52, they ceased to be public records"); *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 11 ("properly sealed court records are excepted from disclosure"). Notably, pursuant to R.C. 2953.35(A), it is a fourth-degree misdemeanor to release a sealed record in violation of R.C. 2953.32, and releasing sealed records in violation of R.C. 2953.52 is a fourth-

degree misdemeanor pursuant to R.C. 2953.55(B). Thus, provided Judge Lyons properly sealed the records at issue in this case, the Enquirer has no clear legal right to their release.

*R.C. 2953.32*

{¶ 48} R.C. 2953.32(A)(1) permits an "eligible offender" to apply to the court to seal a record of conviction. R.C. 2953.31(A) defines the term "eligible offender" to mean "*anyone* who has been convicted of *an offense* * * * and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." (Emphasis added.) It also clarifies, "For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor * * * is not a conviction." The statute does not limit eligibility to those who have committed a felony offense or a misdemeanor offense, but rather applies to anyone who has been convicted of *an offense*, and a minor misdemeanor is an offense in Ohio. R.C. 2901.02(A) ("Offenses include * * * minor misdemeanors * * *"). Thus, minor misdemeanants are eligible offenders who may apply to a court to seal a record of conviction.

{¶ 49} And the statute does not require a minor misdemeanant to wait one year before applying to seal a record of conviction. R.C. 2953.32(A)(1) provides that "[a]pplication may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." But pursuant to R.C. 2901.02, misdemeanors and minor misdemeanors are separate classifications of offenses. *See generally State v. Collins*, 67 Ohio St.3d 115, 116, 616 N.E.2d 224 (1993) ("Throughout R.C. Title 29, minor misdemeanors are distinguished from other misdemeanors"). The General Assembly could have made both misdemeanors and minor misdemeanors subject to the one-year

waiting period, but it chose not to do so, and "a court may not add words to an unambiguous statute, but must apply the statute as written." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 15. The General Assembly did not prescribe a waiting period to seal a conviction for a minor misdemeanor. Thus, in contrast to felony and misdemeanor convictions, there is no waiting period for applying to seal a minor-misdemeanor conviction.

{¶ 50} R.C. 2953.32(B) provides, "Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." R.C. 2953.32(C)(2) then directs the court to seal the record if it determines that the applicant is an eligible offender, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the applicant has attained rehabilitation to the satisfaction of the court.

{¶ 51} The majority reasons that a one-year waiting period applies to the sealing of a conviction for a minor misdemeanor, because "[i]f sealing could occur immediately upon conviction, rehabilitation would be irrelevant." Majority opinion at ¶ 22. While it is true that the applicant has the burden to demonstrate rehabilitation to the satisfaction of the court, the convictions at issue here are for *minor* misdemeanors, the lowest offense classification designated by the legislature. In fact, the General Assembly distinguished them from felonies and other misdemeanors, which it subjected to a waiting period, because of the diminished culpability and harm caused by committing a minor misdemeanor. It is therefore reasonable that no waiting period is needed to evaluate the rehabilitation of a minor misdemeanant. Thus, contrary to the majority's assertion, the lack of a waiting period for minor misdemeanants does not make the

trial court's duty to find that the offender has attained satisfactory rehabilitation irrelevant. Rather, an offender who is unable to demonstrate satisfactory rehabilitation may not have the record sealed, regardless of whether a waiting period applies.

### R.C. 2953.52

{¶ 52} R.C. 2953.52(A)(1) authorizes the court to seal the records of those charged with, but not convicted of, an offense: "Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." With exceptions not relevant here, the application may be filed *at any time* after the entry of the acquittal or dismissal—no waiting period applies. *Id.*

{¶ 53} R.C. 2953.52(B)(1) states that, upon the filing of an application to seal records, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." R.C. 2953.52(B)(4) further provides that if the court determines that the applicant was found not guilty in the case or the complaint, indictment, or information in the case was dismissed, that no criminal proceedings are pending against the person, and that the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall order the record sealed.

### Analysis

{¶ 54} In this case, R.C. 2953.32 authorized Judge Lyons to seal the conviction records of John Doe and of other similarly situated individuals convicted of minor misdemeanors. Minor misdemeanants are eligible to apply for sealing pursuant to R.C. 2953.31(A), and although the court sealed records with

an entry that inadvertently referenced R.C. 2953.52, not R.C. 2953.32, such a clerical mistake is apparent on the record and does not affect the validity of the judgment. As we explained in *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (2000), " 'The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, *which does not involve a legal decision or judgment*.' " (Emphasis added.) The failure to cite the correct statute as authority for judicial action is such a nonsubstantive error that does not affect the validity of the order. See *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20 (distinguishing errors that affect only the form of the entry from violations of substantive requirements). Tellingly, the Enquirer cites no specific authority to the contrary.

{¶ 55} The court's decision to conduct the hearing required by R.C. 2953.32(B) and 2953.52(B) immediately upon disposition does not invalidate the order to seal. There is no waiting period for a minor misdemeanant to apply to seal a record, and Judge Lyons had scheduled the hearing on the application for the same day. There is no statutory language requiring the court to set a hearing date "at a reasonable time in the future," Majority Opinion at ¶ 33, or to provide notice of the hearing to the public. Rather, the statutes direct the court only to notify the prosecutor of the hearing, and the prosecutor alone is granted the right to object to sealing. And notably, conducting a "hearing" does not even necessarily require a formal court appearance or evidentiary presentation, but may also involve the court's consideration of the filings. *See, e.g., Sumner v. Mata*, 449 U.S. 539, 546, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) (a review of the paper record is a "hearing" for purposes of the federal habeas statute, 28 U.S.C. 2254); *Black's Law Dictionary* 789 (9th Ed.2009) (distinguishing an evidentiary hearing from "a hearing at which only legal argument is presented").

**Conclusion**

**{¶ 56}** Properly sealed records are exempt from release as public records. *See* R.C. 149.43(A)(1)(v); Sup.R. 44(C)(2)(a). In my view, because Judge Lyons had authority to seal the records at issue, there is no clear legal right to their release and therefore mandamus and prohibition do not lie. The errant reference to the wrong statutory code section in the form journal entries does not affect the validity of the orders. And a court has statutory authority to seal the records of minor misdemeanants upon disposition of the charges, as Judge Lyons did in this case. Accordingly, the requested writs should be denied.

PFEIFER, J., concurs in the foregoing opinion.

_____

Graydon, Head & Ritchey, L.L.P, and John C. Greiner, for relator.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Dan L. Ferguson, Assistant Prosecuting Attorney, for respondent in case No. 2012-1924.

Montgomery, Rennie & Jonson and George D. Jonson, for respondent in case No. 2013-0300.

_____