[Cite as *Dlesk v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2794.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marilyn Dlesk, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-16 |
| v. | : | (Ct. of Cl. No. 1996-10550) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 26, 2014

*Robert Goldberger*, for appellant.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Marilyn Dlesk, appeals a judgment of the Court of Claims of Ohio that denied her motion to restrict public access to case documents pursuant to Sup.R. 45(E). For the following reasons, we affirm that judgment.

{¶ 2} On September 18, 1996, Dlesk filed a legal action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), for breach of contract. The action was ultimately decided in ODRC's favor. On November 8, 2013, Dlesk moved to restrict public access to certain case documents filed with the court during that action. In an entry dated December 4, 2013, the trial court denied Dlesk's motion.

{¶ 3} Dlesk now appeals, and she assigns the following error:

The Trial Court erred in refusing to limit internet access of the record in this case.

{¶ 4}   Sup.R. 45(E)(1) allows "[a]ny party to a judicial action or proceeding * * * who is the subject of information in a case document [to] * * * request that the court restrict public access to the information or, if necessary, the entire document."  A court may grant the party's request if it finds by clear and convincing evidence that the presumption of public access is outweighed by a higher interest.  Sup.R. 45(E)(2).

{¶ 5}   The provisions of Sup.R. 45 "restricting public access to case documents shall apply only to case documents in actions commenced on or after the effective date of" Sup.R. 47.  Sup.R. 47(A)(1).  Sup.R. 44 through 47 became effective July 1, 2009.  Sup.R. 99(KK).  Thus, Sup.R. 45 does not apply to the case documents in Dlesk's 1996 action.

{¶ 6}   As Dlesk based her motion solely on Sup.R. 45, which is inapplicable, the trial court did not err in denying her motion.  Accordingly, we overrule Dlesk's assignment of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____