**[Cite as *S.C. v. T.H.*, 2020-Ohio-2698.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

S. C.

     Appellee

     v.

T. H.

     Appellant

C.A. No.     29594

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     19 CVG 07174

DECISION AND JOURNAL ENTRY

Dated: April 29, 2020

HENSAL, Judge.

{¶1} Appellant, T.H., appeals from the judgment of the Akron Municipal Court, denying her motion to restrict public access to the records of an eviction proceeding. This Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2} T.H.'s landlord filed an eviction action against her in the Akron Municipal Court. Less than one month later, the trial court dismissed the case based upon the unauthorized practice of law because the complaint had been signed by a non-attorney other than the landlord, who was not represented by counsel. After the trial court dismissed the case, T.H. filed a motion under Rule 45(E) of the Rules of Superintendence for the Courts of Ohio, requesting an order restricting public access to the court record or, in the alternative, redacting all identifying information. T.H. indicated that the motion and accompanying affidavit should be sufficient for the trial court to resolve the matter without a hearing. Nevertheless, she requested a hearing in the event that the

trial court was inclined to deny her motion, or if the trial court wanted additional argument or evidence in support of her motion. The landlord did not respond in opposition. The trial court summarily denied T.H.'s motion without a hearing, and without explaining the basis for its decision. T.H. now appeals, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S OHIO SUPERINTENDENCE RULE 45(E) MOTION TO SEAL OR REDACT THE CIVIL COURT EVICTION FILING RECORD THAT HAD BEEN CREATED AGAINST HER IN VIOLATION OF PUBLIC POLICY.

{¶3} In her first assignment of error, T.H. argues that the trial court erred by denying her motion to restrict public access to or redact the record of the eviction case. For the reasons that follow, we reverse and remand this case for further proceedings.

{¶4} As an initial matter, we note that T.H. argued below – and argues again on appeal – that public access to the contents of the eviction case should be restricted under Sup.R. 45(E). She did not argue that the case record should be sealed or expunged on any other basis. *See generally Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529, ¶ 14 (addressing a court's inherent authority to expunge or seal records under certain circumstances). Our discussion is limited accordingly.

{¶5} "Through decisional law, the Supreme Court has indicated that the Rules of Superintendence are not designed to alter basic substantive rights." *In re K.G.*, 9th Dist. Wayne No. 10CA0016, 2010-Ohio-4399, ¶ 11, citing *State v. Singer*, 50 Ohio St.2d 103, 110 (1977). "Further, the Rules of Superintendence 'do not have the same legal standing' as the rules of practice and procedure, which must be presented to the legislature and have the effect of law." *In*

*re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 16, quoting *State v. Smith,* 47 Ohio App.2d 317, 328, (8th Dist.1976) (Krenzler, C.J., concurring). Instead, they "are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." *State v. Tamburin*, 145 Ohio App.3d 774, 779 (9th Dist.2001), quoting *State v. Gettys*, 49 Ohio App.2d 241, 243 (3d Dist.1976). "Alleged violations of the Rules of Superintendence are not a basis for reversal." *Myers v. Wade*, 10th Dist. Franklin No. 16AP-667, 2017-Ohio-8833, ¶ 22; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶ 31 (stating same). With that background in mind, we now turn to the Rules at issue in this appeal.

**{¶6}** Sup.R. 45 governs public access to court records. As the Ohio Supreme Court has explained, "the Rules of Superintendence regarding public access to court records should enjoy a broad judicial construction in favor of access to records, which promotes openness, transparency of process, and accountability. Sup.R. 45, like R.C. 149.43, embraces the principle that the people have a right to know what their government is doing." *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 14. Accordingly, "[c]ourt records are presumed open to public access." Sup.R. 45(A).

**{¶7}** Sup.R. 45(E), under which T.H. filed her motion, governs restricting public access to a case document. It provides, in part, that "[a]ny party to a judicial action or proceeding * * * may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document." Sup.R. 45(E)(1). If a court finds "by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest[,]" then it "shall restrict public access to information in a case document or, if necessary, the entire document[.]" Sup.R. 45(E)(2). In reaching that decision, a court must consider:

(a) Whether public policy is served by restricting public access;

(b) Whether any state, federal, or common law exempts the document or information from public access; [and]

(c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process.

*Id.*

{¶8} The initial question this Court must address is whether a direct appeal is the appropriate procedural remedy when a trial court denies a person's motion under Sup.R. 45(E). Sup.R. 47(B) governs the "Denial of Public Access—Remedy[,]" providing that "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup. R. 44 through 47 may pursue an action in mandamus[.]" Courts have consistently applied this Rule to situations wherein a person has sought and been denied access to court records. *See, e.g.*, *State v. L.F.*, 12th Dist. Clermont No. CA2019-02-017, 2020-Ohio-968, ¶ 18 ("[A] person aggrieved by a decision of a court to restrict access to court records must challenge that decision by pursuing an original action in mandamus, not by filing an appeal."); *State v. Helfrich*, 5th Dist. Licking No. 18-CA-45, 2019-Ohio-1785, ¶ 106, citing Sup.R. 47(B) ("[W]hile [the appellant] may wish to challenge the trial court's decision to restrict access to court records, he cannot do so on direct appeal to this court. Instead, [the appellant] must file an original action in mandamus challenging the trial court's restriction of access to court records."). T.H. did not seek, nor was denied, access to court records as contemplated under Sup.R. 47(B). Instead, she sought and was denied an order restricting access to or redacting the eviction case records. This Court is aware of no case law requiring a person like T.H., who has sought and been denied an order restricting access to or redacting court records under Sup.R. 45(E), to pursue an action in mandamus under Sup.R. 47(B). Nor is this Court aware of any case law addressing the situation presented in this appeal, that is, a direct appeal of a trial court's denial of a person's motion under Sup.R. 45(E) to have court records

redacted or access to them restricted.[1]  Nonetheless, this Court concludes that a direct appeal, not an action in mandamus, was the proper procedural remedy in this case.  This conclusion is supported by the fact that a denial of a request to restrict public access, as opposed to a denial of a request for public access, contains a discretionary component, rendering an action in mandamus an inappropriate remedy.  *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, ¶ 3 (stating that "mandamus will not lie to control judicial discretion"); *see* Sup.R. 45(E); Sup.R. 47(B).  It is further supported by the fact that "a writ of mandamus cannot be granted unless a clear legal right thereto has been shown," and case law indicating that the Rules do not create substantive rights, nor can they serve as a basis reversal.  *State ex rel. Aluminum Co. of America v. Stebbins*, 40 Ohio St.2d 52, 54 (1974); *Tamburin*, 145 Ohio App.3d at 779, quoting *Gettys*, 49 Ohio App.2d at 243 (stating that the Rules "create no rights in individual defendants."); *Wade*, 2017-Ohio-8833, at ¶ 22 ("Alleged violations of the Rules of Superintendence are not a basis for reversal."); *compare* Sup.R. 47(B) (specifically providing that an action in mandamus is the appropriate remedy for a "[d]enial of public access[.]").

{¶9}    In her motion to the trial court, T.H. argued that the presumption of public access was outweighed by a higher interest.  She asserted that, since the eviction complaint was dismissed based upon the unauthorized practice of law, the complaint was a nullity.  As a result, she argued, public policy would be best served by removing the eviction action from her record since the mere filing of an eviction action could cause a prospective landlord to refuse to rent to her, or could

---

[1] While the Tenth District accepted an appeal of a court's denial of a motion to restrict public access to case documents from a 1996 case pursuant to Sup.R. 45(E), it resolved that appeal on the basis that Sup.R. 45 was inapplicable because it only applies to cases commenced after its July 1, 2009 effective date.  *Dlesk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-16, 2014-Ohio-2794, ¶ 6.

subject her to higher and/or additional housing-related costs. She also argued that redacting or restricting access to the record would preserve her privacy rights and interests. T.H. makes the same arguments on appeal.

{¶10} As previously noted, the trial court summarily denied T.H.'s motion without explaining its reasoning. While the Rules of Superintendence do not require a trial court to explain its reasoning, the lack of any explanation as to the trial court's reasoning in this case puts this Court in the position of having to determine the merits of T.H.'s arguments in the first instance, which this Court will not do. *Catalanotto v. Byrd*, 9th Dist. Summit No. 27824, 2016-Ohio-2815, ¶ 12 ("Due to our role as a reviewing court, we cannot make a determination regarding the merits of an argument in the first instance."); *see Mourton v. Finn*, 9th Dist. Summit No. 26100, 2012-Ohio-3341, ¶ 9 (addressing a summary-judgment order and stating that a bare-bones judgment entry turns the reviewing court into the trial court on appeal). Although the trial court's denial of her motion clearly indicates that it rejected her arguments, it is unclear on what basis it did so. As a result, T.H. essentially made the same arguments on appeal. Assuming a remedy exists for the trial court's denial of her motion, this Court finds it necessary to remand the matter for the trial court to explain its reasoning for denying her motion. T.H.'s first assignment of error is sustained on that basis.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S REQUEST FOR A HEARING ON HER OHIO SUPERINTENDENCE RULE 45(E) MOTION TO SEAL OR REDACT THE CIVIL COURT EVICTION FILING RECORD THAT HAD BEEN CREATED AGAINST HER IN VIOLATION OF PUBLIC POLICY.

{¶11} In her second assignment of error, T.H. argues that the trial court erred by denying her motion to restrict public access to the eviction records without first holding a hearing. In light

of this Court's resolution of T.H.'s first assignment of error, this assignment of error is now premature, and we decline to address it on that basis.

## III.

{¶12} T.H.'s first assignment of error is sustained. Her second assignment of error is premature, and we decline to address it on that basis. The judgment of the Akron Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this decision.

> Judgment reversed,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, P. J.
DISSENTING.

{¶13} Because a direct appeal is not the appropriate remedy under Sup.R. 47(B) and Sup.R. 45, I would not reach the merits of this appeal, and I respectfully dissent.

{¶14} As the lead opinion acknowledges, there are no cases that address the procedural issue raised in this appeal. The plain language of Sup.R. 47(B), however, provides the appropriate framework. Under Sup.R. 47(B), mandamus is "the appropriate remedy" to enforce Sup.R. 45. *See State ex rel. Lyons v. Cincinnati Enquirer*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 11. *See also N.L. v. A.M.*, 6th Dist. Lucas No. L-10-1307, 2010-Ohio-5834, ¶ 8; *State v. Helfrich*, 5th Dist. Licking No. 18-CA-45, 2019-Ohio-1785, ¶ 105-106. *But see Woyt v. Woyt*, 8th Dist. Cuyahoga Nos. 107312, 107321, 107322, 2019-Ohio-3758, ¶ 58-69 (considering a decision to restrict public access to divorce proceedings in the context of a direct appeal from the decree without addressing the requirements of Sup.R. 47(B)). Each of these cases addresses a scenario in which the trial court granted a motion to restrict public access to the contents of a case record. Regardless of whether the order at issue grants or denies a motion under Sup.R. 45(E), however, the remedy should be the same.

{¶15} Sup.R. 47(B) provides that "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup. R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." The plain language of this rule encompasses all of Sup.R. 45, including the procedure for limiting public access described by Sup.R. 45(E). The procedures described by the Ohio Public Records Act are not comparable because R.C. 149.43 specifies records that are exempt from disclosure without providing a means

of restricting public access to other records. *See* R.C. 149.43(A) (defining "public records" and providing a comprehensive list of records that do not fall within that definition). Because R.C. 149.43 does not include a procedure for restricting public access to records that fall outside of the exceptions listed in R.C. 149.43(A)(1)(a)-(mm), the remedies provided by R.C. 149.43(C) are limited to *denials* of access. *See* R.C. 149.43(C)(1)(a)-(b) (providing that a person aggrieved by a failure to provide access to a public record may either file a complaint in the court of common pleas or the court of claims or commence a mandamus action). The plain terms of Sup.R. 47(B) provide no such limitation.

{¶16} As the majority notes, a writ of mandamus will not generally issue to compel a discretionary act. There are exceptions, however. *See, e.g., State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, ¶ 6; *State ex rel. Martin v. City of Columbus, Dept. of Health*, 58 Ohio St.2d 261 (1979), paragraphs one and two of the syllabus. In this respect, it is notable that a court's public-records function under Sup.R. 45 is distinguishable from its exercise of discretion over the merits of cases before it. *Compare State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366 (concluding that mandamus would not issue to compel a specific judgment on the merits of a counterclaim).

{¶17} The appropriate recourse for T.H. to pursue in light of the trial court's action is not a direct appeal, but an action in mandamus pursuant to Sup.R. 47(B). Consequently, I respectfully dissent from the majority's decision.

APPEARANCES:

GREGORY R. SAIN, Attorney at Law, for Appellant.

S. C. pro se, Appellee.