[Cite as *PTJWE Consulting, L.L.C. v. Sun Color Corp.*, 2023-Ohio-4193.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| PTJWE CONSULTING, LLC, et al. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiffs-Appellees | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2023 CA 00035 |
| SUN COLOR CORPORATION | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No. 2022 CV 01621


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:      November 21, 2023


APPEARANCES:

For Plaintiffs-Appellees           For Defendant-Appellant

GARY A. CORROTO              PETER PATTAKOS
PLAKAS MANNOS              ZORAN BALAC
200 Market Avenue South        THE PATTAKOS LAW FIRM LLC
Suite 300                       101 Ghent Road
Canton, Ohio  44702            Fairlawn, Ohio  44333

*Wise, J.*

{¶1} Appellant Sun Color Corporation appeals the March 14, 2023 Judgment Entry of the Court of Common Pleas, Stark County, Ohio, denying Appellant's Motion to File Amended Answer Under Seal. Appellees are PTJWE Consulting, LLC, Thomas Eckinger, and Thomas N. Shearer Revocable Trust. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On October 4, 2022, Appellees filed a Complaint against Appellant alleging breach of contract, unjust enrichment and promissory estoppel.

{¶3} On January 13, 2023, Appellant filed and served its Answer.

{¶4} On January 17, 2023, Appellant filed a Motion for Leave to File Amended Answer and a Motion to Seal the Counter Claims.

{¶5} On March 14, 2023, the trial court issued a judgment entry granting Appellant leave to file an Amended Answer but denying filing the Amended Answer under seal.

## ASSIGNMENTS OF ERROR

{¶6} Appellant filed a notice of appeal from the March 14, 2023, judgment entry denying Appellant's motion to file its Amended Answer under seal. He herein raises the following Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN DENYING SUN COLOR'S MOTION TO FILE AN AMENDED ANSWER UNDER SEAL BECAUSE THE RECORD CONTAINS CLEAR AND CONVINCING EVIDENCE THAT SUN COLOR'S ANTICIPATED

COUNTERCLAIM(S) AGAINST APPELLEES WOULD REQUIRE DISCLOSURE OF SUN COLOR'S PROPRIETY BUSINESS INFORMATION AND TRADE SECRETS.

{¶8} "II. THE TRIAL COURT ERRED IN DENYING SUN COLOR'S MOTION TO FILE AN AMENDED ANSWER UNDER SEAL WITHOUT FIRST HOLDING A HEARING OR CONDUCTING AN IN CAMERA INSPECTION OF SUN COLOR'S PROPOSED COUNTERCLAIMS."

**I., II.**

{¶9} In Appellant's first and second Assignments of Error, Appellant argues the trial court erred by overruling Appellant's motion to file an Amended Answer under seal and abused its discretion by failing to have a hearing or in-camera review of their motion. We disagree.

{¶10} Sup.R. 45 governs public access to court records. The Ohio Supreme Court has previously explained that "the Rules of Superintendence regarding public access to court records should enjoy a broad judicial construction in favor of access to records, which promotes openness, transparency of process, and accountability. Sup.R. 45, like R.C. 149.43, embraces the principle that the people have a right to know what their government is doing." *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶14. Therefore, "[c]ourt records are presumed open to public access." Sup.R. 45(A).

{¶11} However, Sup.R. 45(E) provides, in pertinent part, "[a]ny party to a judicial action or proceeding * * * may, by written motion to the court, request that the court restrict public access to the information or, if necessary, the entire document." Sup.R. 45(E)(1). The court shall "restrict public access to information in a case document or, if necessary,

the entire document" if it finds "by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest[.]" Sup.R.45(E)(2). In doing so, the trial court must consider the following:

      (a)     Whether public policy is served by restricting public access;

      (b)     Whether any state, federal, or common law exempts the document or information from public access;

      (c)     Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process.

**{¶12}** Appellee argues that direct appeal is not the correct method of compelling a court to comply with Sup.R. 45.

**{¶13}** According to Sup.R. 47(B), "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." The Ohio Supreme Court has also determined, "[m]andamus is also the correct method by which to compel responses under the Rules of Superintendence." *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, 203 N.E.3d 665.

**{¶14}** In the case *sub judice*, according to Appellant's Reply in Support of Motion for Leave to file Defendant's Amended Answer to Complaint with Counterclaim under Seal, Appellant is attempting to restrict public access to certain court documents pursuant to Sup.R. 45(E). The trial court granted Appellant's Motion to File the Amended Answer, but denied that Appellant could do so under seal. Appellant is now attempting to appeal

that judgment entry. However, "[a]lleged violations of the Rules of Superintendence are not a basis for reversal." *Myers v. Wade*,10th Dist. Franklin No. 16AP-667, 2017-Ohio-8833, ¶22; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶31. Both Sup.R. 47 and the Ohio Supreme Court have found mandamus is the correct method to cure any alleged grievance suffered under Sup.R. 44 through 47. Therefore, any such grievance should not be made on direct appeal.

{¶15} Accordingly, Appellant's first and second Assignments of Error are not well taken.

{¶16} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 1116